**James Lee MILLER, Plaintiff-Appellant,**

**v.**

**John LEHMAN, Secretary of the Navy, Defendant-Appellee.**

**No. 82–4727.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1983.

Decided Nov. 29, 1983.

Order Filed July 10, 1984.

John Vaisey, Molalla, Or., for plaintiff-appellant.

J. Paul McGrath, Asst. Atty. Gen., Alfred R. Mollin, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CHOY and NORRIS, Circuit Judges, and CURTIS,* District Judge.

tion testimony, a subject not covered by the Arkansas Model Jury Instructions for criminal trial.

* The Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation.

## ORDER

Appellant's request that we publish our decision is hereby granted. Accordingly, the memorandum disposition of November 29, 1983, is withdrawn. In its place, we file the following opinion.

## OPINION

PER CURIAM:

In *Beller v. Middendorf,* 632 F.2d 788 (9th Cir.1980), this court held that it was constitutionally permissible for the Navy to discharge appellant James Miller, among others, for homosexuality. On November 16, 1981, when the Supreme Court denied the petition for writ of certiorari in that case, the Navy was free to discharge Miller. According to Miller's allegations, however, the Navy retained him and even gave him the equivalent of a promotion. In December 1982, the Navy finally informed Miller that he would be discharged.

Miller responded by suing in district court for equitable relief, including a temporary restraining order. The district court denied Miller's request. A motions panel of this court then granted Miller an injunction to prevent the Navy from discharging him pending this appeal.

■ As an initial matter, the Navy argues that we have no jurisdiction over this case because the denial of a temporary restraining order, as a general matter, is not an appealable order. But an exception to this rule allows us to hear an appeal if the "denial of *all* relief was implied in the trial judge's denial of a temporary restraining order." *Kimball v. Commandant Twelfth Naval Dist.,* 423 F.2d 88, 90 (9th Cir.1970). In this case, the district court denied Miller's petition by bare citation of the earlier decision in *Beller.* The district court thus implied that principles of claim preclusion prevented Miller, one of the losing parties in *Beller,* from receiving any of the relief he requested. Accordingly, the district court's order meets the standard for appealability set forth in *Kimball.*

■ Turning to the merits of the appeal, we conclude that the district court's application of claim preclusion doctrine was erroneous. *Beller* concerned the constitutionality of certain military regulations. Miller's petition to the district court in this action, however, set forth theories of equitable estoppel, constructive enlistment, and retaliatory discharge. Miller is essentially arguing that, even if the Navy could have discharged him when *Beller* became final, the Navy's conduct since then estops it from discharging him now. In other words, Miller asserts new claims that arose after *Beller* was decided and thus cannot be barred by preclusion principles.

■ Because the district court applied an erroneous legal standard to Miller's petition for equitable relief, we remand and instruct the district court to issue a temporary restraining order preventing the Navy from discharging Miller. This order shall remain in force until the district court either grants or denies a preliminary injunction. We express no opinion, of course, on how the district court should rule on Miller's request for a preliminary injunction. We merely preserve Miller's right to have that request decided under the proper legal standard.

REVERSED and REMANDED.